Z. T. PERKINS, *Appellee*, v. ALFRED WESTON & COMPANY et al. (ALFRED WESTON & COMPANY, *Appellants*).

No. 17,590.

OPINION DENYING A REHEARING.

HEADNOTE BY THE REPORTER.

CITY ORDINANCE—*Vacation of Street—Acquiescence—Estoppel.* The record reëxamined, the claims of appellant on motion for rehearing considered, a rehearing denied, and the original decision (87 Kan. 557, 125 Pac. 83) adhered to.

Appeal from Wyandotte court of common pleas. Opinion denying a rehearing filed November 9, 1912. Reversal sustained. (For original opinion, see 87 Kan. 557, 125 Pac. 83.)

*George W. Littick,* of Kansas City, for the appellants.

*George R. Allen,* and *Thomas A. Pollock,* both of Kansas City, for the appellee.

*Per Curiam:* In a petition for rehearing the appellee insists that if the reasoning of the court is correct the judgment should have been modified, and not reversed,

because the rights of the parties under the contract concerning the switch and right of way should be determined in this action. The case appears to have been tried upon the effect of the ordinance rather than the contract. The judgment declares the ordinance to be null and void, and enjoins the appellants from closing up that part of Ferry street east of their property "under or by virtue of said ordinance, No. 5789." It is further provided in the judgment that all issues relating to the switch in the rear of the appellants' lots should be dismissed. The appellee stated in his brief that "the judgment does not adjudicate the rights of Weston & Co. under the 'spur track' contract with Perkins except in so far as said contract is sought to be interposed by them as a shield for the protection of ordinance No. 5789." He further states his theory to be that he was entitled to the judgment adjudging the ordinance to be void "and enjoining the obstruction of the street, *under said ordinance.*" The appellants pleaded the contract as a defense to the claim of the appellee that the vacation of the street should be held invalid. The case was tried and the judgment pronounced upon the invalidity of the ordinance, the contract being considered only so far as it affected the right of the appellee to insist upon such invalidity.

In view of the condition of the pleadings and the theory upon which the case had been tried, it was deemed best that the rights of the parties under the contract should be determined in another action, if not otherwise adjusted. The proceedings in this action will not bar such a determination.

The statement in the opinion that the Weston building extended into old Ferry street is challenged. It is said that the evidence was conflicting upon that point. This was a material matter as the opinion shows, and the fact stated was not based upon a conflict in the evidence but upon testimony set out in the abstract and statements in appellee's brief, where testi-

mony of Wilbur A. Weston is quoted as follows: "A portion of the extreme east end of our building extends over into old Ferry street. One corner extends about 8 to 12 feet." Following the quotation containing this testimony, the brief says:

"The main purpose of Perkins' suit was to remove the cloud cast upon his right to use Ferry street . . . to destroy Weston & Co.'s alleged claim of ownership which upon the face of the record and in view of the conduct of Weston & Co., in constructing a part of their elevator building . . . in the street, seriously interfered with the use of the street."

It is further insisted that the contract only purported to give a right of way across lots 4 and 5 as platted, but the appellants claimed the premises in the rear of these lots by virtue of the vacation ordinances, and the right of way as used was over that property; necessarily so because the Perkins' building extended to and into the old street, which was constructed or in process of construction when the contract was made. As interpreted by the conduct of the parties in its use, the right of way appears to be over the extensions of the lots caused by vacation of the street.

In the petition for rehearing it is contended that the judgment can not be reversed because it is final as to the city, which was a party to the action but did not appeal, and was not served with notice of the appeal taken by its codefendants. The issue tried was upon the validity of the ordinance as it affected the rights of the other parties. If the appellee deemed the city a necessary party in the hearing of this appeal, an objection ought to have been made before a final determination in this court.

The petition for rehearing is denied.